NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000511
14-MAY-2019
07:57 AM

NO. CAAP-18-0000511

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MONICA KNAPP, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-16-04433)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Monica Knapp (**Knapp**) appeals from a Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 3, 2018, by the District Court of the First Circuit, Honolulu Division (**District Court**).[1] The District Court convicted Knapp of one count of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes HRS § 291E-61(a)(1) (Supp. 2018).[2]

---

[1] The Honorable William M. Domingo presided.

[2] HRS § 291E-61(a)(1) provides:

§ **291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(continued...)

Knapp raises a single point of error on appeal, contending that the evidence was insufficient to support the District Court's ruling.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Knapp's point of error as follows:

Honolulu Police Department Sergeant Wesley Sakamoto (**Sakamoto**) testified at trial that he detected a strong odor of alcohol coming from Knapp's vehicle, and Knapp's eyes were red and watery when Knapp pulled into the roadblock safe area where Sakamoto was located. Sakamoto also testified that Knapp swayed the entire time she performed the horizontal gaze nystagmus test. Five times, while Sakamoto gave the walk-and-turn test instructions, Knapp lost her balance, stepped off the line, and had to be reminded to return to the position the sergeant had placed her in, with her right foot in front of her left foot, heel to toe. Sakamoto told Knapp not to start the test until he gave all of the instructions, but she started three times before he was done. Sakamoto further reported that, contrary to instructions, on the first nine steps of the walk-and-turn test, Knapp twice stepped with her feet at a 45-degree angle to the line, raised her arms from her sides at a 45-degree angle, and only took eight steps; Knapp turned by pivoting with both feet

---

[2](...continued)

    (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

once; and on the second set of nine steps, she twice stepped with her feet side-by-side, took only eight steps, and held her arms up at a 45-degree angle. In addition, contrary to instructions, the entire time Knapp performed the one-leg-stand test, she swayed side-to-side and back-and-forth and raised her arms parallel to the ground, in a "T" formation; and during the last twenty seconds of the test, she placed her foot down twice.

Knapp points out, and it appears to be undisputed, that her driving was safe and prudent as she approached the roadblock and the roadblock safe area, and that she was attentive, responsive, and cooperative. Knapp argues that she performed "satisfactorily" on the field sobriety tests and that her failure to comply with some of Sakamoto's instructions was "inconsequential." Knapp further argues that the District Court erred in failing to give greater weight to her earlier back surgery and current back treatment, as back conditions have been recognized to negatively affect the ability to perform the walk-and-turn test and the one-leg stand. Finally, Knapp submits that, under a "totality of the circumstances" analysis, there was insufficient evidence that she was under the influence of an intoxicant to the point where her "normal mental faculties or ability to care for [herself] and guard against casualty" were impaired.

Even assuming that Knapp's back condition somewhat negatively affected her ability to perform the walk-and-turn test

and the one-leg stand,[3] viewing the totality of the evidence in the light most favorable to the prosecution, and with due deference to the right of the trier of fact to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced, we conclude that the evidence was sufficient to support Knapp's conviction.  See State v. Kam, 134 Hawai'i 280, 287, 339 P.3d 1081, 1088 (App. 2014), aff'd, 137 Hawai'i 161, 366 P.3d 636 (2016); see also, e.g., State v. Karamatsu, CAAP-16-0000246, 2017 WL 2839545, *3 (Haw. App. June 30, 2017) (mem. op.); State v. Tokunaga, CAAP-16-0000875, 2017 WL 6033023, *1 (Haw. App. Dec. 6, 2017) (sdo); State v. Spinelli, CAAP-14-0001357, 2016 WL 937625, *2-3 (Haw. App. Mar. 11, 2016) (sdo).

Therefore, the District Court's May 3, 2018 Notice of Entry of Judgment and/or Order and Plea/Judgment is affirmed.

DATED: Honolulu, Hawai'i, May 14, 2019.

On the briefs:

Jeffrey M.K. Oka,
Deputy Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3] Knapp did not testify or offer physician or other expert testimony regarding her back problems, but apparently showed the court her three or four inch scar during the trial.  Sakamoto testified that, during his medical rule-out questioning of Knapp, she told him that she had had back surgery and had taken Oxycodone that morning for back pain.